16-1432-cr
U.S. v. Kalume

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of March, two thousand seventeen.

PRESENT:  REENA RAGGI,
          DENNY CHIN,
          SUSAN L. CARNEY,
                                        *Circuit Judges*.
_____

UNITED STATES OF AMERICA,

                                        *Appellee*,

          v.                                            No. 16-1432-cr

ZUBEDA KALUME,
                                        *Defendant-Appellant*.
_____

APPEARING FOR APPELLANT:    JAMES P. EGAN, Assistant Federal Public Defender, *for* Lisa A. Peebles, Federal Public Defender, Office of the Federal Public Defender, Syracuse, New York.

APPEARING FOR APPELLEE:     CHELSEA A. PRIEST, Attorney, United States Department of Justice, Washington, D.C., (Geoffrey J.L. Brown, Assistant United States Attorney, *on the brief*), *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, New York.

1

Appeal from a judgment of the United States District Court for the Northern District of New York (Glenn T. Suddaby, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on April 28, 2016, is AFFIRMED.

Defendant Zubeda Kalume was convicted following a jury trial of one count of marriage fraud in violation of 8 U.S.C. § 1325(c). Sentenced to 14 months' imprisonment, Kalume appeals her conviction on grounds of evidentiary, charging, and sentencing error. We assume the parties' familiarity with the facts and procedural history of this case, which we reference only as necessary to explain our decision to affirm.

1.      Exclusion of Kalume's Videotaped Statements

Kalume argues that the district court erred in excluding a video recording of interview responses she gave to an immigration official on August 14, 2013, on the ground that the video was minimally probative and potentially prejudicial. *See* Fed. R. Evid. 403. Kalume sought to introduce the video not for the truth of her out-of-court statements, but to demonstrate that her English proficiency was limited, a fact relevant to the jury's assessment of her 2011 statement to other federal officials admitting her involvement in marriage fraud.

We review a district court's evidentiary rulings for abuse of discretion, and we will reverse only for "manifest error," evidenced by an "arbitrary and irrational" ruling. *United States v. Daugerdas*, 837 F.3d 212, 226 (2d Cir. 2016) (internal quotation marks omitted); *United States v. Al Kassar*, 660 F.3d 108, 123 (2d Cir. 2011). That is not this case.

2

As the district court recognized, Kalume had a motive to minimize her English proficiency at the time of the 2013 interview. This both reduced the probative value of the videotape and increased its potential for prejudice given the government's inability to test the proficiency displayed. In such circumstances, the district court's decision to exclude the video was not arbitrary or irrational. *See United States v. Esdaille*, 769 F.2d 104, 105–06 (2d Cir. 1985) (upholding exclusion of voice exemplar offered by defendant to discredit police identification because probative value of such evidence was minimal and outweighed by unfair prejudice to the government "in light of both the ease with which [the defendant] could deliberately alter his accent and the inability of the government to test the reliability of the accented reading"); *see also United States v. Gabinskaya*, 829 F.3d 127, 134 (2d Cir. 2016) (deferring to trial court's evidentiary decisions in recognition of "superior position to assess relevancy and to weigh the probative value of evidence against its potential for unfair prejudice" (citations and internal quotation marks omitted)). This conclusion is only reinforced by the district court's recognition that whatever probative value the video had to Kalume's defense was cumulative of evidence already before the jury, specifically, (1) the 2011 interviewing officer's testimony that Kalume sometimes "hesitated" in responding to questions, "took time to find words," and "kept it pretty simple," App'x 110–11; and (2) the 2013 interviewing officer's testimony that she had to "rephrase" questions and "speak slower" because Kalume "need[ed] that kind of help," *id.* at 235–36; *see United States v. Gupta*, 747 F.3d 111, 133 (2d Cir. 2014). Kalume's argument that she elicited this testimony

only because the district court excluded the video is belied by the fact that the testimony was given before the district court issued its exclusion ruling.

Thus, we identify no abuse of discretion in the exclusion of the video and, therefore, need not consider the government's alternative harmless-error argument.

2.    Admitted Testimony Regarding Immigration Applications

Kalume argues that the district court erred in allowing an immigration officer to offer opinion testimony as to the ultimate question of the legitimacy of her marriage to Alieu Jaiteh.  Because Kalume raised no objection to this testimony in the district court, we review only for plain error, which is not apparent here.  *See United States v. Wagner-Dano*, 679 F.3d 83, 94 (2d Cir. 2012) (identifying elements of plain error as (1) error, (2) that is clear and obvious, (3) affecting substantial rights, and (4) seriously impugning fairness, integrity, or public reputation of judicial proceedings); *United States v. Coriaty*, 300 F.3d 244, 252 (2d Cir. 2002).

The law permits a lay witness who has direct knowledge of certain facts to testify in the form of an opinion that goes to "'an ultimate issue to be decided by the trier of fact,' . . . so long as that testimony is 'helpful to a clear understanding of the witness' testimony or the determination of a fact in issue.'"  *Cameron v. City of New York*, 598 F.3d 50, 62 (2d Cir. 2010) (quoting Fed. R. Evid. 701(b), 704(a)).[1]  There is no question here that the immigration officer's testimony was based on direct knowledge acquired in the course of conducting a review of and making a recommendation on the petition of

---

[1]  Because the parties both treat the immigration officer's testimony as lay opinion, we do not here consider the aptness of that characterization.

4

Kalume and Jaiteh to secure unconditional resident status for Jaiteh based on the couple's marriage. With the petition and supporting documents in evidence, the officer identified the parts she considered most significant to her review, specifically her review of the *bona fides* of the couple's marriage, and she explained both how she reached her adverse recommendation and why she would have made the same recommendation even if she had not known about Kalume's earlier admission to marriage fraud.

There was no error, much less clear and obvious error, in deeming this testimony helpful to the jury's understanding of why the evidence of marriage that Kalume and Jaiteh presented in support of Jaiteh's immigration petition was suspect. The witness nowhere suggested that the identified concerns were based on evidence not heard by the jury. *See United States v. Grinage*, 390 F.3d 746, 750 (2d Cir. 2004). Moreover, the witness's conclusion that the evidence did not support a favorable administrative recommendation did not suggest the result to the jury, particularly in the context of this trial, during which the prosecution and defense adduced evidence beyond that known to the witness. *See id*.

Because Kalume cannot satisfy the first two requirements of plain error, this evidentiary challenge fails on the merits.

3.    <u>Response to Jury Note</u>

Kalume argues that the district court's response to a jury note requesting clarification on the *mens rea* element of marriage fraud improperly suggested that the element could be satisfied simply by proof of Kalume's intent to be paid in return for marrying Jaiteh. Kalume waived her right to appeal this issue by expressing assent to the

5

instruction when the district court proposed its response and solicited comment. *See United States v. Agrawal*, 726 F.3d 235, 259 (2d Cir. 2013) ("Such a strategic decision, evidenced not merely by silence but by a negative response on the record to a district court invitation to voice objection, does more than forfeit the unraised objection; it waives it."); *United States v. Polouizzi*, 564 F.3d 142, 153 (2d Cir. 2009); *see also* App'x 611 ("That language that you just read, I have no objection.").

Even if Kalume could clear this hurdle, she could not demonstrate plain error. While the district court statement highlighted by Kalume—that "a defendant enters into a marriage for the purpose of evading the provision of United States immigration laws when at the time of the marriage she lacks any intent to establish a life with her spouse" App'x 613—would not, by itself, accurately describe the prosecution's burden as to *mens rea,* the statement cannot be read in isolation. *See United States v. Lange*, 834 F.3d 58, 75 (2d Cir. 2016) (stating that jury charge should be viewed as a whole in evaluating claimed instruction error). Both before and after the quoted statement, the district court expressly told the jury that while proof of Kalume's intent to be paid for the marriage might be some evidence of the requisite purpose to evade, it could *not*, by itself, establish that element. Then, in response to further jury inquiry, the district court reiterated that the government had to prove that the defendant acted "with the intent to do something that she knew the law forbids." App'x 614–15. On this record, we cannot conclude that the district court suggested that the defendant could be convicted based solely on her intent to be paid for marrying Jaiteh. The supplemental instructions, viewed as a whole, do not demonstrate plain error.

6

4.      Sentencing Challenge

Kalume challenges her 14-month prison sentence as substantively unreasonable. The government argues that the question is moot because Kalume completed her prison term and was released from custody on December 20, 2016, and does not challenge the three-year term of supervised release to which she is now subject. *See United States v. Williams*, 475 F.3d 468, 479 (2d Cir. 2007) (stating that "defendant's sentencing appeal is . . . moot upon completion of the term of incarceration where the possibility of the district court's imposing a reduced term of supervised release on remand is . . . remote and speculative" (internal quotation marks omitted)).  We agree with the government's contention.

Nevertheless, even if Kalume's challenge were not moot, it would fail on the merits.  In reviewing a challenged sentence for reasonableness, we apply "a particularly deferential form of abuse-of-discretion review" to both the procedures used to arrive at the sentence (procedural reasonableness) and to the length of the sentence (substantive reasonableness).  *United States v. Cavera*, 550 F.3d 180, 188 & n.5 (2d Cir. 2008) (*en banc*); *accord United States v. Broxmeyer*, 699 F.3d 265, 278 (2d Cir. 2012).  We will "set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Cavera*, 550 F.3d at 189 (emphasis and internal quotation marks omitted); *see also United States v. Messina*, 806 F.3d 55, 66 (2d Cir. 2015) (discussing "broad range of permissible decisions available to the district court").  Kalume's 14-month sentence was at the high end of her 8–14 month Sentencing Guidelines range.

7

"[I]n the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006). This case presents no exception.

The district court was entitled to rely on Kalume's lack of remorse, a factor informing her Guidelines range, to explain its decision as to where to sentence within that range. *See United States v. Jacobson*, 15 F.3d 19, 23 (2d Cir. 1994) (recognizing lack of remorse as factor that can inform sentence); *accord United States v. Broxmeyer*, 699 F.3d at 284, 295 (affirming reliance on lack of remorse as aggravating factor supporting above Guidelines sentence even where defendant was denied acceptance-of-responsibility credit in calculating Guidelines range). The district court also acted within its discretion in taking account of the fact that, at the same time Kalume was presenting herself to one government agency as married to secure an immigration benefit (for Jaiteh), she was presenting herself to other government agencies as single to secure monetary benefits. *See* 18 U.S.C. § 3661 (stating that no limit shall be placed on information concerning background, character, and conduct of defendant for purpose of imposing sentence); *United States v. Cavera*, 550 F.3d at 191 (recognizing broad discretion afforded by § 3661 to consider all but invidious considerations). The district court's statements at sentencing belie Kalume's contention that it failed to consider mitigating personal factors. To the extent Kalume thinks these factors were entitled to more weight, that is a matter committed to the sound discretion of the district court, *see United States v.*

8

*Verkhoglyad*, 516 F.3d 122, 131 (2d Cir. 2008), which we have no reason to gainsay here.

5.     Conclusion

We have considered Kalume's remaining arguments and conclude that they are without merit.  For the reasons stated, the district court's April 28, 2016 judgment is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court